IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v.  § | CRIMINAL ACTION NO. 4:15-CR-00018- |
| § | ALM-AGD |
| SHAWN DAVID WOOLDRIDGE (1) § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Now before the court is the request for revocation of Defendant Shawn David Wooldridge's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on August 1, 2024, to determine whether Defendant violated his supervised release. Defendant was represented by Michael Pannitto of the Federal Public Defender's Office. The Government was represented by Michael Anderson.

Defendant was sentenced on September 14, 2016, before The Honorable Amos L. Mazzant, III of the Eastern District of Texas after pleading guilty to the offense of Possession of Stolen Firearms, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 13 and a criminal history category of V, was 30 to 37 months. Pursuant to a binding plea agreement for departure accepted by the Court, Defendant was subsequently sentenced above the guideline range to 120 months imprisonment followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, substance abuse treatment and testing, mental health treatment, and a $100 special assessment. On April 12, 2024, Defendant completed his period of imprisonment and began service of the supervision term. On April 2, 2024,

the conditions of supervision were modified to include residing in a residential reentry center, in a prerelease component, for a period of 180 days. (Dkt. #111 at p. 1, Sealed).

On July 22, 2024, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision (Dkt. #108, Sealed). The Petition asserts that Defendant violated five (5) conditions of supervision, as follows: (1) <u>Mandatory Condition</u> Defendant shall not commit another federal, state, or local crime; (2) <u>Special Condition</u> Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as Defendant is released from the program by the Probation Officer. Defendant shall pay any costs associated with treatment and testing; (3) <u>Mandatory Condition</u> Defendant shall refrain from any unlawful use of a controlled substance; (4) <u>Standard Condition</u> Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; and (5) <u>Standard Condition</u> Defendant shall notify the Probation Officer at least ten days prior to any change in residence or employment. (Dkt. #464 at pp. 1–3, Sealed).

The Petition alleges that Defendant committed the following acts: (1) On July 10, 2024, Defendant possessed/used a device to falsify drug test results in violation of Texas Health and Safety Code § 481.133, a Class B Misdemeanor. No formal charges have been filed in this matter; (2) On July 10, 2024, Defendant reported to McCary Counseling, Denton, Texas as directed, to submit a random urine specimen. However, upon attempting to produce the specimen, it was discovered that he attempted to use a device with an unknown content, wrapped in a plastic bag, to falsify the urine specimen result. Upon questioning, Defendant provided a verbal admission of attempting to falsify the urine specimen by using the unknown content in the plastic bag. By trying

to use this object, Defendant was intentionally refusing to provide a urine specimen of his own and therefore, refusing to participate in the testing for substance abuse. Falsification of a drug test is a violation of Texas Health and Safety Code § 481.133; (3) On July 1, 2024, Defendant reported to the U.S. Probation Office and submitted a urine specimen that tested positive for methamphetamine. Upon questioning, Defendant denied using any illegal substances. The specimen was confirmed positive by the national lab; and (4) On July 10, 2024, Defendant's father notified the U.S. Probation Office, via phone, that they removed Defendant from their residence during the month of June 2024 because of his substance abuse and hostile behavior towards them. Defendant's father further stated that Defendant relocated to his girlfriend's residence once Defendant left Defendant's father's residence. Defendant failed to notify the U.S. Probation Office about this situation and did not receive permission to relocate to another residence. (Dkt. #108 at pp. 1–2, Sealed).

Prior to the Government putting on its case at the final revocation hearing, Defendant entered a plea of true to allegations 1 through 4 in the Petition. The Government moved to dismiss allegation 5 of the Petition. Having considered the Petition and the plea of true to allegations 1 through 4, the court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of twenty-four (24) months, with no term of supervised release to follow.

The court also recommends the Government's motion to dismiss allegation 5 be granted.

The court finally recommends that Defendant be housed in a Bureau of Prisons facility in the El Reno, Oklahoma area, if appropriate.

**SIGNED this 1st day of October, 2024.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE